## GEORGE E. LLOYD ET AL.
### V.
## THE CHROMOTYPE COMPANY, FOR USE, ETC.

*Fraudulent Conveyances—Assignment of Accounts—Effect—Remedies
—Garnishment—Estoppel.*

1.  An assignment of accounts in fraud of the assignor's creditors is
binding upon the assignor, at least to the extent the assignee succeeds in
uniting the legal to the equitable title by collections.
2.  In the case presented, the assignee of the accounts in question did not
hold them as collateral security, and, if he made a promise so to apply them,
it was without consideration.

### [Opinion filed March 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon.
JOSEPH E. GARY, Judge, presiding.

Mr. GEORGE R. GRANT, for appellants.

The assignment of the accounts of the Chromotype Company
to Lloyd being confessedly fraudulent, the proceeds of them
in the hands of the fraudulent assignee can not be reached by
garnishment process.   The proposition that a creditor who
brings garnishment proceedings in the name of his debtor has
no greater rights than his debtors, is so well settled that it is
not necessary to discuss it.   Crownover v. Bamburg et al., 2
Ill. App. 162.

The Chromotype Company could bring no action against
Lloyd for the recovery of the moneys in his hands, the assign-
ment to him being admitted to be fraudulent, and for this
reason alone, Van Schaack et al. had no standing in court to
garnishee the fund in the hands of Lloyd.

Even if the assignment to Lloyd had been *bona fide*, appel-
lees would stand in no better position.   Lloyd having been
notified by the Chromotype Company to apply the moneys in
his hands on its indebtedness on notes and mortgage held by
him, and having agreed to do so prior to any action having

been commenced by Van Schaack, it was his duty to so apply it, and he had nothing left which any creditor of the Chromotype Company could legally reach by garnishment, and the funds in his hands should have been applied on the notes of the company purchased by Grant for value, without notice of any fraud. After notice to Lloyd, and his promise to so apply the fund, he stood in the position of a trustee, for the benefit of the holder of the notes and mortgage originally made to him, and subsequently sold and transferred to Grant, and hence could not properly be garnisheed. Cooper v. McClun, 16 Ill. 435.

Messrs. BANGS & BANGS, for appellees.

The fraudulent assignment to Lloyd & Co. was binding upon the Chromotype Company, and wholly divested that company of any further right in or authority over the accounts thereby assigned or their proceeds so in Lloyd's hands; and that company nor its general or special assignee has any right to impeach or set aside such fraudulent transfer. Bouton v. Dement, 123 Ill. 142–149. The right to impeach that fraudulent assignment to Lloyd belonged alone to creditors of the Chromotype Company—that is, to those whom the law had decided to be creditors. Van Schaack & Sons were such by their judgment and garnishee proceedings. Bouton v. Dement, 123 Ill. 142–149; Sheldon v. Hinton, 6 Ill. App. 216, and authorities there cited.

The writing of assignment of January 20, 1887, from the Chromotype Company to Harding, was simply an attempt of the company to transfer to Harding what it had fourteen days before sold and delivered to Lloyd. This gave Harding no right to the accounts, because the company had no rights to give. The mere fact that Harding held the unpaid notes and mortgage of the company, had no effect under said writing to invest him with any other character or power than that of a mere assignee of the Chromotype Company. The said writing to Harding is the only source of right, in Harding, claimed by appellants.

The sale of the notes and mortgage held by Lloyd to Grant on the 29th of January could have no effect upon the said

accounts or their proceeds, then held by Lloyd, there being nothing in the record even tending to show that result; and that sale to Grant is the only foundation set forth by appellants for Grant's interpleader herein. He should take nothing thereby.

In the absence of fraud, it is true, as stated by appellant's brief, "that a creditor who brings garnishment proceedings in the name of his debtor, has no greater rights than his debtor." In this case, however, the fraud is admitted and makes the exception to appellant's rule clear and unquestionable. Drake on Attach., Sec. 223; Samuel v. Agnew, 80 Ill. 553; Bouton v. Dement, 123 Ill. 149.

The admitted fraud in the assignment to Lloyd is what gives Van Schaack & Sons, as judgment and garnisheeing creditors, their standing in court, and denies any standing to Harding and Grant as interpleaders. See authorities, *supra*.

Lloyd became the owner of said accounts, and not trustee, by said assignment and transfer, as against everybody, except an attachment or a judgment and garnisheeing creditor of the Chromotype Company, neither of which was either Harding or Grant. Therefore the case of Cooper v. McClun, 16 Ill. 435, cited by appellant, is not in point.

GARNETT, P. J. The Chromotype Company, on and prior to January 6, 1887, was indebted to George E. Lloyd, George F. Harding, and to Van Schaack & Sons. The claims of Lloyd and Harding, respectively, were secured by separate chattel mortgages, Van Schaack & Sons being without security. On that day the company, without consideration and for the purpose of defrauding its creditors, assigned to Lloyd certain open accounts, which he accepted with like purpose, and upon which he collected $101. By assignment, dated January 20, 1887, the company, in consideration of $1,000, assigned the same accounts to Harding, and on January 29, 1887, Lloyd assigned and delivered to Grant the chattel mortgage and notes which he held against the company. Van Schaack & Sons having obtained a judgment against the company for $152.15, and execution thereon being returned unsatisfied, a garnishment

against Lloyd was sued out.   Harding and Grant interpleaded in the latter proceeding and judgment was rendered against them for costs.   Their interpleader was dismissed and judgment was also rendered for $101.31, in favor of the company for the use of Van Schaack & Sons, against Lloyd.   Harding and Grant alone appeal from the judgment.

1.   The assignment to Lloyd, though in fraud of the assignor's creditors, was binding on it (Miller v. Marckle, 21 Ill. 152), at least so far as Lloyd succeeded by collections in uniting the legal to the equitable title.   Beyond the amount of such collections we are not required by this record to decide. No rights could be conferred by the company on Harding to that sum, because it had no rights to convey.   The claim of Harding, we understand, is founded on the assignment to him, and not by reason of his prior claim as a creditor of the company.   If, however, he is proceeding as a creditor, he has no footing to set aside a fraudulent conveyance until he exhausts his legal remedy.

2.   Lloyd did not hold the accounts as additional security for his claim against the company.   If they were held as additional security, all his rights thereto would have passed to Grant as an incident to the debt which Lloyd assigned to him. But the admitted facts deny that there was any consideration for the assignment of the accounts to Lloyd.

3.   If it be true that Lloyd promised the company on the 26th of January, 1887, to apply the money realized on the accounts, as credits on the notes he held, such promise was without consideration.   Grant did not purchase the notes and mortgage on the faith of the alleged promise and can not rely on it as an estoppel.

The judgment is affirmed.

*Judgment affirmed.*

GARY, J., took no part in the decision of this case.